Foster A. Glass, OSB No. 75133
Attorney at Law
339 SW Century Drive, Suite 201
Bend, Oregon 97702
Telephone: (541) 317-0703
Fax: (541) 317-0736
E-Mail: fosterg@bendcable.com

Attorney for Creditor, Carlos Larsen

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>DARRELL WAYNE LARSEN AND DEBORAH ANNE LARSEN,<br><br>               Debtors.<br><br>─────────────────────────<br><br>CARLOS EDWARD LARSEN,<br><br>               Plaintiff,<br><br>v.<br><br>DARRELL WAYNE LARSEN and DEBORAH ANNE LARSEN,<br><br>               Defendants. | Case No. 13-64818-tmr7<br><br>COMPLAINT OBJECTING TO DISCHARGE AND TO DISCHARGEABILITY OF DEBT - INVOLVING DEBTORS' FRAUDULENT CONVERSION OF ESTATE / INHERITANCE FUNDS DUE PLAINTIFF |

Plaintiff alleges as follows:

**PARTIES**

1.

Plaintiff is an individual (the brother of Darrell Larsen) residing in Oregon and has

COMPLAINT OBJECTING TO DISCHARGE AND TO DISCHARGEABILITY OF DEBT - INVOLVING DEBTORS' FRAUDULENT CONVERSION OF ESTATE / INHERITANCE FUNDS DUE PLAINTIFF
Page 1

LAW OFFICES OF FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 201 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

Case 14-06031-tmr    Doc 1    Filed 03/07/14

been listed as a creditor of Debtors. As alleged herein, Plaintiff has claims against debtor that have not been reduced to judgment. However, a civil suit by Plaintiff against Darrel Wayne Larsen and Deborah Larsen was filed in the Circuit Court of the State of Oregon, County of Linn (Case No. 091156) was filed in April of 2009 and the First Amended Complaint was filed July of 2009. See First Amended Complaint attached as Plaintiff's Exhibit 1. The facts, causes of actions, and damages set forth in the Amended Complaint are adopted herein in full as though set forth separately in this complaint.

2.

Defendants are individuals who are husband and wife, residing in Oregon and are the debtors in this case. Debtors agreed and conspired with each other to assist each other in obtaining all of the funds from the Estate of Bertha Larsen (mother of Darrell Larsen and Carlos Larsen), under false pretenses made to attorney Robert Snyder, that they would distribute the assets to the lawful heirs of Bertha Larsen. After obtaining the Estate funds, Defendants made false representations to the other heirs, Carlos Larsen and Judy Kunzelmann, that estate matters were still pending. Defendants refused to account for the funds.

3.

Thereafter, Defendants paid off their home, bought vehicles, trailers, and as discovered in the process of the lawsuit, purchased a business franchise known as Brownsville Video (actually a Blockbuster video store) which is listed in Debtors/Defendants' bankruptcy petition.

4.

Plaintiff filed a civil action against Defendants in Linn County Circuit Court, Case no. 091156 in April, 2009 and the First Amended Complaint July, 2009. Defendants delayed the State Court proceedings and then a few days before trial was to begin, filed their bankruptcy case, effectively bringing the civil litigation in state court to a halt.

LAW OFFICES OF FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 201 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

5.

Defendants filed their emergency partial petition December 20, 2013, but the complete schedules were not filed until March 3, 2014.

6.

This is an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001 for an order denying Defendant's discharge pursuant to 11 U.S.C. §§ 727(a)(c), (a)(4), and (a)(5) and for an order determining the dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2)(A) and (4) and for money judgment against the debtors for such debt.

7.

This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), (J), and (O). Venue is proper pursuant to 28 U.S.C. § 1409.

8.

The deadline to object to discharge or dischargeability, pursuant to 11 U.S.C. § 523 is not later than 60 days after the first date set for creditors and the Court must provide at least 30 days notice to all creditors. Bankruptcy Rule 4007(c). The original date would have been 3/7/14; however, due to the delay caused by Debtors not filing the complete schedules (see Order and Notice Regarding Filing of Documents; and Notice of Proposed Dismissal attached as Exhibit 2), the matter appears to have been continued to March 3, 2014. Inquiry with the Trustee was that 3/7/14 remains the date to object to discharge. If so, Debtors have further attempted to confuse matters in an attempt to obtain a fraudulent discharge.

9.

Plaintiff's First through Fourth claims as set forth in Plaintiff's First Amended Complaint (Linn Co. Case No. 091156) - attached as Exhibit 1, are adopted as though set forth fully herein.

10.

Defendants' conduct was willful, malicious and Plaintiff should be awarded punitive

COMPLAINT OBJECTING TO DISCHARGE AND TO DISCHARGEABILITY OF DEBT - INVOLVING DEBTORS' FRAUDULENT CONVERSION OF ESTATE / INHERITANCE FUNDS DUE PLAINTIFF
Page 3

Law Offices of Foster A. Glass • Attorney at Law
339 SW Century Drive, Suite 201 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

Case 14-06031-tmr    Doc 1    Filed 03/07/14

damages in an amount to be determined by the Court.

FIFTH CLAIM FOR RELIEF

Conversion of Funds; Elder Financial Abuse;

Nondischargeability Under 11 U.S.C. § 523 (a) (2)(A) and (4)

ORS 124.100-124-900

11.

Plaintiff realleges paragraphs 1-10; and Exhibit 1, Plaintiff's First Amended Complaint. At all material times herein, Plaintiff was an "elderly person, " 65 years or more.

12.

The conduct alleged above and more specifically, Defendants' intentional acts of obtaining and diverting to themselves (by false promises and pretenses) monies they knew were to be distributed to Plaintiff under Oregon law, Defendants intentionally conspired together and deprived Plaintiff's of monies Defendants knew were due him, constitutes conversion and elder abuse under Oregon law.

13.

Further, under Oregon law, the conduct of Defendants also constitutes elder abuse in the following particulars:

A. Defendants acting together obtained money from the estate of Bertha Larsen, Plaintiff's deceased mother, without probate, by false pretense and false promise, to distribute funds due under Oregon law to Plaintiff. The money provided to Defendants by the attorney for the Estate, for that purpose were to be held and distributed to Plaintiff as an express or resulting trust for the vulnerable person , and Defendants without good cause did not, as promised, take reasonable steps to deliver the money to Plaintiff, but rather, converted the money to their own use.

B. Defendants acted in bad faith in converting the money to themselves and in failing to transfer Plaintiff's fair share of the mother's estate to Plaintiff.

COMPLAINT OBJECTING TO DISCHARGE AND TO DISCHARGEABILITY OF DEBT - INVOLVING DEBTORS' FRAUDULENT CONVERSION OF ESTATE / INHERITANCE FUNDS DUE PLAINTIFF
Page 4

LAW OFFICES OF FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 201 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

Case 14-06031-tmr    Doc 1    Filed 03/07/14

14.

The Plaintiff has been damaged in the amount of approximately $270,000 with 9% interest, plus treble damages and attorney fees as provided in ORS 124.100 on the elder financial abuse claim, or such other amount as may be established by the evidence at trial and defendants should not be discharged pursuant to § 523(a)(2) and/or § 523(a)(4).

WHEREFORE, Plaintiff prays for relief as follows:

1. On Plaintiff's First Claim for Relief, conversion Second Claim, Fraud:

    A. Economic damages not to exceed $270,000 plus 9% interest from the date distribution of estate assets was due.

    B. Costs and disbursements incurred herein.

    C. Punitive damages in an amount to be determined by the Court.

2. On Plaintiff's Third Claim For Relief, Breach of Implied Contract in Law; Good Faith and Fair Dealing; and Plaintiff's Fourth Claim for Relief, Money Had and Received:

    A. Economic Damages not to exceed $270,000 plus 9% interest from the date distribution of estate assets was due.

    B. Costs and disbursements incurred herein.

3. On Plaintiff's Fifth Claim for Relief, Conversion of Funds; Elder Financial Abuse, a money judgment in the amount of $270,000, plus treble damages and attorney fees for the elder financial abuse claim as provided in ORS 124.100.

DATED this 7th day of March, 2014.

> /s/Foster A. Glass
> Foster A. Glass OSB No. 751334
> Attorney for Plaintiff

COMPLAINT OBJECTING TO DISCHARGE AND TO DISCHARGEABILITY OF DEBT - INVOLVING DEBTORS' FRAUDULENT CONVERSION OF ESTATE / INHERITANCE FUNDS DUE PLAINTIFF
Page 5

LAW OFFICES OF FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 201 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

Case 14-06031-tmr    Doc 1    Filed 03/07/14

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF LINN

| | |
|---|---|
| CARLOS EDWARD LARSEN,<br><br>Plaintiff,<br><br>v.<br><br>DARRELL WAYNE LARSEN and DEBBIE LARSEN,<br><br>Defendant. | No. 091156<br><br>FIRST AMENDED COMPLAINT – CONVERSION, FRAUD, BREACH OF IMPLIED CONTRACT IN LAW; BREACH OF GOOD FAITH AND FAIR DEALING AND MONEY HAD AND RECEIVED |

FIRST CAUSE OF ACTION

(CONVERSION)

1.

Plaintiff is Carlos Larsen one of the three children of decedent, mother Bertha Larsen.

2.

Defendants are Darrell Wayne Larsen and his wife, Debbie Larsen, who obtained the proceeds from the sale of Bertha Larsen's estate and failed to either file a probate or otherwise distribute the estate assets as agreed by the parties and the decedent mother prior to her death.

3.

Venue is in Linn County, Oregon as the situs of the promise made, property of the decedent Bertha Larsen; and residence of the defendants, at all times relevant and material herein was in Linn County, Oregon.

/////

Page 1 - FIRST AMENDED COMPLAINT – CONVERSION, FRAUD, BREACH OF IMPLIED CONTRACT IN LAW; GOOD FAITH AND FAIR DEALING AND MONEY HAD AND RECEIVED

FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: peggyg@oregonvos.net

EXHIBIT 1
PAGE 1 OF 9

Case 14-06031-tmr    Doc 1    Filed 03/07/14

**4.**

A separate estate proceeding is being filed regarding probate of the estate of decedent Bertha Larsen, who died in Linn County, Oregon on October 8, 2006. After the estate is filed a separate complaint for elder abuse will be filed.

**5.**

A copy of Bertha Larsen's will is attached for reference as Exhibit 1, which provided in pertinent part that her estate in the family trust or any residue not subject to the family trust would be distributed equally between her children, Darrell Wayne Larsen, Carlos Edward Larsen and Judy Mae Kunzelmann. The will nominates Judy Kunzelmann as the personal representative.

**6.**

In August of 2006, Bertha Larsen (mother) gathered her children and family in her attorney, Robert Snyder's office for the purpose of explaining that her assets would be distributed equally among her three children (the parties to this complaint).

**7.**

Following an injury and disability Plaintiff daughter, Judy Kunzelmann was unable to travel from out of town and attend her mother on a regular basis, and defendant brother Darrell Larsen had their mother, Bertha Larsen transfer her power of attorney from Judy Kunzelmann to Darrell Larsen because he lived in the same town as Bertha Larsen. Following an incident where Bertha Larsen had fallen and remained on the floor in her house for approximately 8 hours without attention. Defendant Darrell Larsen placed Bertha Larsen in a nursing home and restricted visitation to require any visitor to sign in and notification to himself of any visitors.

**8.**

After obtaining his mother's power of attorney, Defendant Darrell Larsen caused Bertha Larsen's attorney, Robert Snyder to draft various documents; and without notice to Carlos Larsen and Judy Kunzelmann, sold and/or obtained the money from both of Bertha Larsen's houses.

Page 2 - FIRST AMENDED COMPLAINT – CONVERSION, FRAUD, BREACH OF IMPLIED CONTRACT IN LAW; GOOD FAITH AND FAIR DEALING AND MONEY HAD AND RECEIVED

FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: peggyg@oregonvos.net

EXHIBIT 1
2 OF 9

Case 14-06031-tmr   Doc 1   Filed 03/07/14

1 | $45,000 was received from the sale of one house and defendant rejected an offer of $225,000 for
2 | her residence and sold it for $185,000 cash.

3 | 9.

4 | In approximately April of 2007, Judy Kunzelmann called Attorney Robert Snyder
5 | regarding the estate and to her understanding was told that no probate was necessary and Darrell
6 | Larsen would distribute the assets from their mother's estate after all expenses were paid.

7 | 10.

8 | On April 25, 2007 Plaintiff Carlos Larsen called Attorney Snyder and asked about
9 | distribution of estate assets. Attorney Snyder expressed in essence that eh had prepared some
10 | paperwork and that Darrell Larsen had indicated he would distribute the assets of the estate
11 | equally. Attorney Snyder promised to call Darrell Larsen regarding distribution and bet back to
12 | Carlos Larsen. When the attorney later called back, he indicated that there would be no probate
13 | or reading of the will, that he had a conflict of interest and could not talk to Plaintiff or Plaintiff's
14 | attorney.

15 | 11.

16 | At no time has Defendant Darrell Larsen distributed the assets from his mother's estate
17 | or filed a probate. When Plaintiff and/or Judy Kunzelmann called Darrell Larsen, they were told
18 | not to call him that he would let them know when the assets were to be distributed.

19 | 12.

20 | Plaintiff has noticed that following the sale of their mother's home and failure to disburse
21 | their mother's assets, including bank accounts and proceeds from the sale of real property;
22 | Defendants intentionally exercised dominion and control over the assets of the estate of decedent
23 | and Defendants have paid off their home and property, purchased vehicles, trailers and other
24 | assets; thereby converting estate assets to their own exclusive benefits, including funds from the
25 | sale of property exceeding $230,000.

26
Page 3 - FIRST AMENDED COMPLAINT – CONVERSION, FRAUD, BREACH OF IMPLIED CONTRACT IN LAW; GOOD FAITH AND FAIR DEALING AND MONEY HAD AND RECEIVED

FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: peggyg@oregonvos.net


EXHIBIT 1
PAGE 3 OF 9

Case 14-06031-tmr    Doc 1    Filed 03/07/14

13.

At all times material herein, Defendants knew that Plaintiff and Judy Kunzelman were known heirs of decedent and each entitled to a one-third share of their mother's estate assets.

14.

As a result of Defendants' actions, Plaintiff has been damaged in an amount to be determined after discovery and at trial, not to exceed $270,000 (which includes $40,000 from the sale of real property) with statutory interest of 9% from the date monies were due Plaintiff until paid.

15.

(Reserved for pleading punitive damages).

SECOND CLAIM FOR RELIEF

(FRAUD)

16.

Plaintiff realleges paragraphs 1-15 as though set forth fully herein.

17.

At all times material it was Plaintiff's understanding, based upon the representations of Defendant Darrell Larsen and his attorney that they would receive their share of the distribution of the estate following the payment of creditors and the estate expenses.

18.

Following the distribution of any debts owed by the estate of their mother, Defendants intentionally held the monies and assets to themselves and induced Plaintiff to wait till some future date when Defendant Darrell Larsen would have concluded settlement of estate costs and claims. Defendants made these representations with the intent that Plaintiff would rely upon them and wait for a future distribution as promised.

Page 4 - FIRST AMENDED COMPLAINT – CONVERSION, FRAUD, BREACH OF IMPLIED CONTRACT IN LAW; GOOD FAITH AND FAIR DEALING AND MONEY HAD AND RECEIVED

FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: peggyg@oregonvos.net

EXHIBIT 1
PAGE 4 OF 9

Case 14-06031-tmr    Doc 1    Filed 03/07/14

19.

At all times material, Defendants knew their excuses for not distributing estate assets to Plaintiff were false and that Plaintiff was unsuspecting. When Plaintiff called Defendants and the decedent's attorney on April 26, 2007, they were told at that time that Defendant Darrell Larsen intended to distribute the assets of the estate to the heirs.

20.

Plaintiff reasonably relied and had a right to rely upon these representations, not knowing at that time that the representations were false; and acting upon Defendants' representations; Plaintiff waited for disbursement upon eventual settlement of the estate.

21.

The foregoing intentional misrepresentations of fact were material to induce Plaintiff to believe that their brother and his wife would not deprive them of their fair share of the estate assets, and that they needed to wait for the proper time for disbursement.

22.

When Plaintiff telephoned, Darrell Larsen regarding disbursement, they overheard Defendant, Debbie Larsen call out in the background that they should not call again, and *"...tell them we will call them when we are ready."*

23.

As a result of these misrepresentations, Plaintiff was damaged by the failure of distribution of the estate and conversion thereof to Defendants in an amount not to exceed $270,000 with 9% interest from the date distribution was due.

24.

(Reserved for pleading punitive damages).

THIRD CLAIM FOR RELIEF

(Breach of Implied Contract in Law, Good Faith and Fair Dealing)

Page 5 - FIRST AMENDED COMPLAINT – CONVERSION, FRAUD, BREACH OF IMPLIED CONTRACT IN LAW; GOOD FAITH AND FAIR DEALING AND MONEY HAD AND RECEIVED

Foster A. Glass • Attorney at Law
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: peggyg@oregonvos.net

EXHIBIT 1
PAGE 5 OF 9

Case 14-06031-tmr    Doc 1    Filed 03/07/14

25.

Plaintiff realleges paragraphs 1-24 as though set forth fully herein.

26.

Defendants promised to disburse estate assets which were due. Defendants were in breach of their agreement and the Court should imply a contract in law and a breach of their duty to act in good faith and with fair dealing. Plaintiff relied upon Defendants' promise and provided consideration by waiting as told, delaying their right to prompt collection of assets due them.

27.

As a result of Defendants' breach of promise, Plaintiff is entitled to damages not to exceed $270,000 plus interest from the date the distribution of estate assets was due, when Defendants knew the amount of assets exceeding expenses and costs of the estate.

FOURTH CLAIM FOR RELIEF

(Money Had and Received)

28.

Plaintiff realleges paragraphs 1-27 as though set forth fully herein.

29.

Defendants wrongfully received and have converted assets of the estate of Bertha Larsen, to which they are not lawfully entitled.

30.

As a result of Defendants' wrongful actions (including a short sale of property) and retaining funds from the estate, Plaintiff has been damaged in an amount not to exceed $270,000 plus 9% interest from the date distribution was due.

WHEREFORE, Plaintiffs pray for Judgment and costs as follows:

1. On Plaintiffs' First Claim for Relief, Conversion and Second Claim, Fraud:

    A. Economic damages not to exceed $270,000 plus 9% interest from the date

Page 6 - FIRST AMENDED COMPLAINT – CONVERSION, FRAUD, BREACH OF IMPLIED CONTRACT IN LAW; GOOD FAITH AND FAIR DEALING AND MONEY HAD AND RECEIVED

FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: peggyg@oregonvos.net

EXHIBIT 1
PAGE 6 OF 9

Case 14-06031-tmr    Doc 1    Filed 03/07/14

distribution of estate assets was due.

B. Costs and disbursements incurred herein.

C. (Reserved for punitive damages)

2. On Plaintiff's Third Claim For Relief, Breach of Implied Contract in Law; Good Faith and Fair De111aling; and Plaintiff's Fourth Claim for Relief, Money Had and Received:

A. Economic Damages not to exceed $270,000 plus 9% interest from the date distribution of estate assets was due.

B. Costs and disbursements incurred herein.

DATED this 29th day of July, 2009.

                                                        Foster A. Glass OSB No. 751334
                                                       Attorney for Plaintiffs

Page 7 - FIRST AMENDED COMPLAINT – CONVERSION, FRAUD, BREACH OF IMPLIED CONTRACT IN LAW; GOOD FAITH AND FAIR DEALING AND MONEY HAD AND RECEIVED

FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 101 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: peggyg@oregonvos.net

EXHIBIT 1
PAGE 7 OF 9

# Last Will and Testament

I, BERTHA LARSEN, presently residing at 38272 Courtney Creek Drive, Brownsville, in Linn County, Oregon, declare this to be my last will and revoke any prior will made by me. Any will and codicil made by me prior to this date will be null and void and to no effect.

I.

I direct that my personal representative pay from my estate all my just debts, taxes, the expenses of my last illness, funeral and final interment, and the expenses of administration of my estate.

II.

I hereby declare that I am the widow WAYNE A. LARSEN, and that I have three children of my own issue, who are DARRELL WAYNE LARSEN, CARLOS EDWARD LARSEN, and JUDY MAE KUNZELMAN.

III.

I hereby give and devise the residue of my estate to the Trustee of the WAYNE A. LARSEN and BERTHA LARSEN FAMILY LIVING TRUST dated April 8, 1998, to be added to and become a part of said Trust to be administered and disposed of in accordance with the terms, conditions and fiduciary powers of the Trust, including any amendments made thereto before the death of myself whether made before or after the execution of this will. However, if said residue cannot be given and devised to my Trustee then I give and devise the residue of my estate as follows:

I hereby give and devise the remainder of my estate unto DARRELL WAYNE LARSEN, CARLOS EDWARD LARSEN and JUDY MAE KUNZELMAN in equal shares, share and share alike, and if any of them is deceased at the time of my death, then his/her share unto his/her lineal descendants by right of representation.

1 - Last Will and Testament

EXHIBIT 1
PAGE 8 OF 9

IV.

If any beneficiary under this will in any manner, directly or indirectly, contests or attacks this will or any of its provisions, any share or interest in my estate given to that contesting beneficiary under this will is revoked and that beneficiary shall receive a sum of One Dollar and No/100 ($1.00).

V.

I hereby nominate and appoint, JUDY MAE KUNZELMAN as my personal representative for this will. If JUDY MAE KUNZELMAN shall predecease me or be unable to serve, I hereby nominate and appoint DARRELL WAYNE LARSEN as my personal representative for this will. My personal representative shall serve without bond.

IN WITNESS WHEREOF, I have hereunto set my hand this 17th day of June, 2005.

_____
Bertha Larsen

On this 17th day of June, 2005, we, the undersigned, witnessed BERTHA LARSEN sign and execute the foregoing instrument of two pages, of which this is the second page, and in our presence at said time she did declare the same to be her Last Will and Testament, and at her request and in her presence and in the presence of each other, we hereby subscribe our names as witnesses to said will.

_____ Residing at Sweet Home, Oregon

_____ Residing at Lebanon, Oregon

2 - Last Will and Testament

EXHIBIT 1
PAGE 9 OF 9

Case 14-06031-tmr    Doc 1    Filed 03/07/14

OFD (12/1/11) mer

**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
**F I L E D**

December 11, 2013

Clerk, U.S. Bankruptcy Court

BY mer DEPUTY

In re
**Darrell Wayne Larsen Sr.**
**Deboarh Anne Larsen**
Debtor(s)

) Case No. **13-64818-tmr7**
)
) ORDER AND NOTICE
) REGARDING FILING OF
) DOCUMENT(S); AND NOTICE
) OF PROPOSED DISMISSAL
)

The bankruptcy CASE FILED on **12/10/13** has deficiencies.

14 DAYS TO FILE: The following required document(s) were not filed. You must file each listed document within 14 days of the CASE FILED date shown above.

**Attorney's Disclosure of Compensation. NOTE: The debtor's case will not be dismissed for the attorney's failure to timely file this document. (Fed. Rule Bankr. Proc. 2016(b))**

A COMPLETED current version of Summary of Schedules (Official Form #B6, INCLUDING PAGE 2 IF INDIVIDUAL DEBTOR(S)), all Schedules required for the debtor(s), AND a SIGNED Unsworn Declaration to Schedules; AND a Statement of Financial Affairs, AND a SIGNED Unsworn Declaration to Statement of Financial Affairs. (Fed. Rules Bankr. Proc. 1007 & 1008)

– NOTE: The accuracy and completeness of the creditor Schedules (i.e., D-H), and the required creditor mailing list which includes all entities listed on such Schedules, are the debtor's responsibility. Such Schedules will not be compared with any creditor mailing list. Entities listed on Schedules D-H that were NOT listed on the creditor mailing list filed with the debtor's Petition MUST BE ADDED USING Local Form #728 UNLESS the ONLY change is to correct a PREVIOUSLY listed creditor's address, or attorney for a PREVIOUSLY listed creditor. (Local Bankr. Rule 1009-1.)

A SIGNED, and FULLY COMPLETED Statement of Current Monthly Income must be filed on the current Official Form applicable in this case (i.e., #B22A for Chap. 7, #B22B for Chap. 11 or #B22C for Chap. 13). [NOTES: (1) If filing #B22A in a Chap. 7, a box at the top of page one of that form MUST be checked. (2) Do NOT file with the court a copy of ANY additional documentation that supports the filed Statement and which is required to be provided to the trustee, but INSTEAD send it to the U.S. Trustee if a Chap. 7 case, or to the case trustee if a Chap. 13 case.] (Local Bankr. Rule 1007-1(c))

30 DAYS TO FILE: The following required document was not filed. You must file the listed document within 30 days of the CASE FILED date shown above.

**A CURRENT and COMPLETE version of Individual Debtor's 11 USC §521 Statement of Intention (Local Form #521.05). (Local Bankr. Rule 1007-3)**

**IT IS HEREBY ORDERED** that, unless otherwise provided above, this case may be DISMISSED without further notice to the debtor(s) if the deficiencies outlined above are not completely and accurately corrected AND the documents FILED within the time indicated. Each document or item filed must show each DEBTOR'S NAME and the CASE NUMBER. Any document or item required to be filed using a form must be COMPLETED using the CURRENT VERSION of the form.

**Dismissal for failure to correct the deficiencies noted above may make the debtor(s) ineligible to file another petition for 180 days after dismissal pursuant to 11 USC §109(g)(1) and/or may limit the automatic stay if another petition is filed within 1 year pursuant to 11 USC §362(c)(4).**

Clerk, U.S. Bankruptcy Court

EXHIBIT 2

PAGE 1 OF 1